SAMUEES, J.
The action of debt will lie only for a sum certain, or which may be rendered certain. Upon the argument of this case it seemed to me that the paper writing upon which the suit is brought cannot be construed into an admission of indebtedness in the sum of one thousand one hundred and thirty-seven dollars and thirty-five cents, nor into an acknowledgment of being bound to the supposed obligee in that ‘amount; nor into a promise or obligation to pay that amount. That all that is written therein is perfectly consistent with the fact that Davis was not indebted to Mead in any amount whatever. Subsequent reflection and investigation have confirmed my first impressions, and I am of opinion to reverse the judgment, and enter judgment for the plaintiff in error upon the demurrer, for' that the writing set out upon oyer imposed no obligation upon Thomas Davis, the plaintiffs’ intestate. The court here, of four members, being equally divided in opinion on this question, the judgment of the Circuit court thereon cannot be reversed for the supposed error in the decision thereof.
Holding, then, for the purposes of this case, that the action of debt is well brought on this paper, it remains to consider whether it is counted upon in the declaration according to its legal effect. In order to decide this, we must look to the whole paper, commencing with the words “A list of rents,” &c., and ending with the word “Seal,” and the scroll annexed to the name of Thomas Davis. The legal effect of all this, as the declaration alleges, is to bind Thomas Davis in his lifetime, and his administrators after his death, to pay Hannah Mead one thousand one hundred and thirty-seven dollars and thirty-five cents, as and for a debt of that amount; and to estop the obligor and his representatives from alleging that the debt was more or less; yet the paper on its face contains the reservation for the benefit of either party, that “in the foregoing statement all errors to be corrected. ” This seems to be an affirmation that errors did exist in the process by which the balance of one thousand one hundred and thirty-seven dollars and thirty-five cents was arrived at; or, at least, that errors might exist therein. If error did exist, by the terms of the obligation it was to be corrected; and this reservation applies to every entry upon the statement by which the amount of one ^thousand one hundred and thirty-seven dollars and thirty-five cents might be affected; for instance, to the first entry: “1816 — Jeremiah Adams — Rent per annum, $80; monej" received, $80.” If, in fact, the rent had been one hundred dollars, and had been received, the sum of twenty dollars should be added to the one thousand one hundred and thirty-seven dollars and thirty-five cents; so, if money entered upon the statement had been paid over to the obligee, it is error to retain it in the statement so as to require it to be paid a second time. Thus the reservation may be made to enure to the benefit of the plaintiff, by averring in the declaration errors in the statement to her prejudice, and proving them at the trial; so the defendants, by pleas averring specific errors in the entries, or any of them, or any omissions to the prejudice of the obiigor, and proving them on the trial, will secure the benefit of the reservation. A bond which contains a substantial provision for the relief of parties thereto, as above stated, is not identical in legal effect with a simple bond for payment of money absolutely, and by estoppel preventing any allegation from either party to vary the amount. There is such a variance between the bond declared on and that set out upon oyer, that the demurrer should, for that cause, have been sustained.
I am of opinion to reverse the judgment, and remand the cause, with directions to the Circuit court to permit the plaintiff below, upon terms prescribed by law, to amend her declaration, by inserting averments either that no error requiring correction, or that error did exist to be specified in the averments; and giving the defendants below permission to plead specifically any errors to their prejudice, and any other proper pleas. And if the plaintiff shall not so amend her declaration, that the court give judgment for the defendants below upon the demurrer to the declaration.
*LEE, J.
To constitute a good and valid obligation, the law does not require any particular set form of words to be employed. Any words which sufficiently declare the intention of the party and denote his being bound or which expressly or impliedly acknowledge a debt as due from him to another will constitute a good bond: because it is only in the nature of a contract or a security for the performance of a contract which should be construed according to the intention of the parties. 7 Bac. Ab. (Bouvier’s ed.) 241; 1 Tuck. Comm. 275 ; 2 Thomas’ Co., Eitt. 566, n. S. And I think the paper writing set out in the declaration sufficiently complies with these requisites to constitute a valid obligation. It is headed “A list of rents for Hannah Mead from 1815 to 1830 made 27th of May 1829 and again on the 8th of March 1831.” Then follow in parallel columns the different years, the names of the tenants, the rent per annum, the money received, the balance of rents not collected. These different sums are added up and the results stated in figures at the foot of each column. The paper then proceeds to state in words the *62 amount of the whole rents thus ascertained, the amount not collected, and the amount that had been collected. Erom the amount of the collections, it states that the sum of seventy-four dollars and fifty cents is deducted for commissions and the sum of two hundred and seventy-eight dollars and twenty-one cents for land taxes, lawyers’ and clerks’ fees, &c., as per account rendered, leaving the net sum collected eleven hundred and thirty-seven dollars and thirty-five cents. A provision is then added that all errors in the foregoing statement were to be corrected, and the paper was signed and sealed by Davis and delivered to Hannah Head. Erom the terms of the writing it seems to me that the necessary and unavoidable inference is that the money collected for Hannah Mead had been collected by Davis, and *that the net balance stated remained in his hands unpaid. It was therefore an acknowledgment under his seal that so much was still due her and was therefore a subsisting debt to pay which.a promise is raised by implication of law. I do not see how the terms of the paper can be reconciled with the hypothesis that Davis may have owed Hannah Mead nothing. That the moneys received were collected bv some one as agent of Hannah Mead, is apparent, and if Davis were not the agent why would he make a statement of the business in such terms as would be appropriate only to the party who was the agent and give to it the solemnity not only of his signature but his seal also? And while a portion of the amount collected is accounted for as applied to commissions and clerks’ and lawyers’ fees, &c., no intimation is afforded that the net balance or any part of it had been paid over to Hannah Mead or any person for her. If it had been intended as a mere statement of his transactions as agent by Davis part of which consisted in the payment over by him of the large balance found in his hands, whilst he was accounting for the smaller sums applied to commissions and fees he would not have failed to state how that large balance was disposed, of; nor if the paper was not intended as an acknowledgment of a subsisting debt could there have been any necessity or .reason for the provision that errors were to be corrected.
I think therefore the paper set out in the declaration does constitute a good and valid obligation binding Davis to the payment of the balance stated and that it was properly so considered in the Circuit court. .
Nor do I think the paper produced varies from the description given of the writing set out in the declaration. That it should be described according to its legal effect, is conceded, but I think it is so described so far as necessary on the part of the plaintiff. It is *true in the paper produced there is a distinct provision with which it ends that all errors in the statement were to be corrected, and the declaration takes no notice of this provision. But it is plain that it is to be construed not as an affirmance that there were errors in the statement, but that if there were, they should be corrected; and in the absence of any allegation of the existence of errors to the prejudice of either party, the paper stands as a valid and binding obligation for the net sum collected of eleven hundred and thirty-seven dollars and thirty-five cents, the same demanded in the declaration. To give it this effect it could not be necessary that the declaration should aver that there were no errors. If in fact there were errors to the prejudice of the defendant in the action, that would be matter of defense more proper to come from that side than to be the subject of negative averment on the part of the plaintiff; and what is matter more properly coming from the other side need not be stated by the pleader because it is not necessary he should anticipate the answer of his adversary which according to Hale, C. J., is ‘ ‘like leaping before one comes to the stile. ” See Sir Ralph Bovy’s Case, Vent. 217; 2 Saund. 62, b; 1 Chit. PI. (Phil. ed. 1828), p. 205; Steph. PI. 354.
I do not perceive the fo.rce of the argument that as this paper contains upon its face a reservation for the benefit of both parties that all errors were to be corrected, it varies materially from that described in the declaration because the latter imports a debt certain of eleven hundred and thirty-seven dollars and thirty-five cents and estops the obligor from alleging that it was more or less. But the party cannot' be estopped when the right to show the debt to-be less is expressly reserved by the paper itself, and to say there is a variance because this right is not referred to in the-declaration and the existence of errors negatived would *be to assail the well established mode of pleading on a bond with a condition where the declaration simply demands the penalty leaving the defendant to plead the condition and his-performance of it.
I think therefore the declaration was good and that the demurrer was properly overruled.'
Several other questions have been raised in this case but as the other judges are of' opinion the declaration is defective in. not negativing the existence of errors in the statement, it is unnecessary to express any opinion upon them.
MONCURE, J., concurred in the opinion, of Samuels, J.